UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GRYPHON DEVELOPMENT LLC,

                Plaintiff,              ANSWER TO SECOND
  -against-                                AMENDED COMPLAINT

TOWN OF MONROE,                        Case No.: 08 CIV 3252 (WCC)

                Defendant.
-------------------------------------------------------------------X

       Defendant, by its attorneys, DRAKE, LOEB, HELLER, KENNEDY, GOGERTY, GABA & RODD, PLLC, answering the complaint of the plaintiff alleges as follows:

       1.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "1", "2", "3", "5", "6," "7," "10", "14", "19", "20", "21", "22", "23", "24", "25", "29", "30", "31", "33", "34", "35," "36", "37", "38" and "41".

       2.     Admits each and every allegation contained in the paragraphs of the complaint numbered "4", "8", "11", "13," "42" and "45".

       3.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "9", but admits that the District encompasses some lands on the west side of Walton Lake.

       4.     Denies each and every allegation contained in the paragraphs of the complaint numbered "12," "27", "28", "49", "50", "51," "52," "53", "54," "55," "56" and "57."

       5.     Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "15", but admits that the Moodna Basin Group entered into a contract with Orange County whereby treatment capacity would be provided at that time, and respectfully refers the Court to the

documents referenced.

6. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "16", "17", "18", "43" and "44," and respectfully refers the Court to the documents referenced.

7. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "26" of the complaint, and respectfully refers the Court to the minutes of the Town Board meeting, but admits that because of concerns about available treatment capacity at the STP the Town has not permitted outside user agreements.

8. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "32", but admits that the Town of Monroe advised Orange County that it desired additional capacity.

9. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "37", but admits litigation was commenced in the New York Supreme Court for Orange County by the Village of Kiryas Joel seeking an injunction restraining Orange County from allocating additional treatment capacity at the STP amongst the participating municipalities of the Moodna Basin Group.

10. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "39", but admits Gryphon approached the Town Board seeking an outside user agreement.

11. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "40",

but admits the Town Board refused to grant Gryphon's request for an outside user agreement.

12. Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "46", and respectfully refers the Court to the minutes of the meeting.

13. Denies each and every allegation contained in the paragraphs of the complaint numbered "47", but admits that on May 19, 2008 the Town Board denied the petition on, <u>inter alia</u>, the grounds of lack of available capacity, and specifically avers that the Town Board has refrained from taking action at the express request of the plaintiff.

14. Repeats and realleges each and every response to the allegations contained in the complaint numbered, as realleged in paragraph "48" with the same force and effect as though more fully set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The plaintiff has failed to exhaust administrative remedies.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. The allegations in the complaint fail to state a legally cognizable cause of action and, further, the plaintiff has failed to exhaust State law remedies.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The allegations in the complaint are barred, and in whole or in part, by the applicable three (3) year statute of limitations.

WHEREFORE, defendant demands judgment:

1. dismissing the complaint; and

2. for costs, interest and disbursements incurred in this action.

Dated: New Windsor, New York
June 19, 2008

Yours, etc.

DRAKE, LOEB, HELLER, KENNEDY,
GOGERTY, GABA & RODD, PLLC

By: _____
STEPHEN J. GABA (SG-3160)
*Attorneys for Defendant*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

TO: JAMES G. SWEENEY
*Attorney for Plaintiff*
One Harriman Square
P.O. Box 806
Goshen, New York 10924
Tel. No.: (845) 291-1100