UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
GRYPHON DEVELOPMENT LLC,

                                    Case No.:
                    Plaintiffs,     08 CIV 3252(WCC)
     -against-

TOWN OF MONROE,

                    Defendants.
-------------------------------X


=========================

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL**

=========================


Respectfully submitted,

DRAKE, LOEB, HELLER, KENNEDY, GOGERTY,
 GABA & RODD, PLLC
*Attorneys for Defendant,*
*Town of Monroe,*
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550


Of Counsel:

STEPHEN J. GABA, ESQ.

## TABLE OF CONTENTS

Page

Table of Cases & Authorities ................................... iii

STATEMENT OF FACTS ............................................. 1

ARGUMENT:

    I.    THE CODE OF PROFESSIONAL RESPONSIBILITY GOVERNS
        MOTIONS TO DISQUALIFY COUNSEL ......................... 5

    II.   DISQUALIFICATION IS REQUIRED BECAUSE THE ISSUES IN
        THIS CASE ARE SUBSTANTIALLY RELATED TO THE SUBJECT
        MATTER OF THE PRIOR REPRESENTATION OF THE TOWN BY
        PLAINTIFF'S COUNSEL ................................... 6

        (A)   There was an attorney-client relationship
             between plaintiff's counsel and the Town ......... 8

        (B)   The subject matter of the prior representation
             of the Town by plaintiff's counsel is
             substantially related to the issues in the
             present lawsuit ................................... 8

        (C)   Plaintiff's counsel had access to, or was
             likely to have access to, relevant privileged
             information in the course of his prior
             representation of the Town ...................... 11

    III.  DISQUALIFICATION OF PLAINTIFF'S COUNSEL IS REQUIRED
        TO PREVENT DISCLOSURE OF CLIENT CONFIDENCES AND
        SECRETS .............................................. 12

        (A)   Plaintiff's counsel was privy to confidences
             and secrets regarding the outside user
             agreements of alleged comparators, as well as
             the Town's policy and practice on outside
             user agreements in general ...................... 13

        (B)   Plaintiff's counsel was privy to confidences
             and secrets regarding the proposed expansion
             of the sewer district. .......................... 16

IV.  DISQUALIFICATION OF PLAINTIFF'S COUNSEL IS REQUIRED
     BECAUSE PARTICIPATION BY A FORMER TOWN ATTORNEY IN
     LITIGATION WHICH IS SUBSTANTIALLY RELATED TO THE
     ATTORNEY'S PRIOR REPRESENTATION OF THE TOWN
     PRESENTS AN IMPERMISSIBLE APPEARANCE OF
     IMPROPRIETY. ........................................ 18

CONCLUSION ................................................... 21

## TABLE OF CASES & AUTHORITIES

Page

Federal Cases:

Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980) vac. on
other grnds 450 U.S.903, 101 S.Ct. 1338, 67 L.Ed. 327
(1981) ................................................. 5, 12, 1

Clubside, Inc., v. Valentin, 468 F.3d 144 (2d Cir. 2006) ........ 9

Cobb v. Pozzi, 363 F.3d 89 (2d Cir. 2004) ...................... 9

Emle Industries, Inc., v. Panetex, 478 F.2d 562
(2d Cir. 1973) ............................................. 11, 18

Engquist v. Oregon Dept. of Agriculture, 553 U.S. ___,
128 S.Ct.2146, ___ L.Ed.2d ___ (2008) ......................... 9

Evans v. Artek Sys. Corp, 715 F.2d 788 (2d Cir. 1983) .......... 7

Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225
(2d Cir. 1977) ............................................... 5

General Motors Corp. v. City of New York, 501 F.2d 639, 649
(2d Cir., 1974) .............................................. 18

Glueck v. Jonathan Logan, Inc., 512 F.Supp. 223
(S.D.N.Y. 1981) mod. on other grnds 653 F.2d 746
(2d Cir. 1981) ............................................... 7

Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975) ............ 5, 7

NCK Organization, Ltd., v. Bregman, 542 F.2d 128 (1976) ........ 5-7, 11

T.C. Theatre Corp., Warner Bros. Pictures, 113 F.Supp. 265
(S.D.N.Y. 1953) .............................................. 6-7, 11

Village of Willowbrook v. Olech, 528 U.S. 562,
120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) ...................... 8

State Cases:

Board of Trustees of the Village of Spring Valley v.
Town of Clarkstown, 292 A.D.2d 450, 738 N.Y.S.2d 699
(2d Dept. 2002) .............................................. 17

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

iii

Board of Trustees of the Village of Spring Valley v.
Town of Ramapo, 264 A.D.2d 519, 694 N.Y.S.2d 712
(2d Dept. 1999) ................................................. 17

Cardinale v. Golinello, 43 N.Y.2d 288, 372 N.E.2d 26, 401
N.Y.S.2d 191 (1977) ........................................... 18

Carimati v. Carimati, 94 A.D.2d 659, 462 N.Y.S.2d 220
(1st Dept. 1983) ............................................... 13

Charles v. Diamond, 41 N.Y.2d 318, 360 N.E.2d 1295,
392 N.Y.S.2d 594 (1977) ....................................... 13

Common Council of City of Middletown v. Town Bd. of Town
of Wallkill, 143 A.D.2d 215, 532 N.Y.S.2d 17 (2d Dept. 1988) .... 17

Greene v. Greene, 47 N.Y.2d 447, 453, 391 N.E.2d 1355,
418 N.Y.S.2d 379, 382 (1979) .................................. 13

In re Caiola v. Town of Ossining, 272 A.D.2d 324,
707 N.Y.S.2d 200 (2d Dept. 2000) ............................. 13-14

In re Miller v. Kozakiewicz, 300 A.D.2d 399, 751 N.Y.S.2d 524
(2d Dept. 2002) ............................................... 14

Walden Federal Savings Bank v. Village of Walden, 212 A.D.2d
718, 622 N.Y.S.2d 796 (2d Dept. 1995) ......................... 12, 20-2

Statutes:

42 U.S.C. §1983 .............................................. passim

S.D.N.Y. Local Civil Rule 1.5(b)(5) (2008) ..................... 5

22 NYCRR §1200.19 - 1200.45 (2008) ............................ 6, 19

Town Law Article 12, §194 (McKinney 2008) ..................... 13, 16

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

## STATEMENT OF FACTS

A portion of the Town of Monroe is within a county sewer district known as Orange County Sewer District #1 ("OCSD #1"). Other portions of the Town are within Town sewer districts. Still other portions of the Town are not within any sewer districts at all. However, the municipal central sewer system within the Town, although somewhat complex, is not random or haphazard. Rather, it is the result of substantial planning, careful consideration and public approval obtained through sometimes "contentious" referendums.

James G. Sweeney, Esq., was the Town Attorney for the Town of Monroe from January of 1968 through July of 1988. As Town Attorney, Mr. Sweeney represented the Town in all aspects of creation and administration of the Town's municipal central sewer system and districts.

Mr. Sweeney represented the Town of Monroe in authoring the petition for creation of OCSD #1 in the 1970's. In doing so, he became privy to the Town's policy determinations as to where the district lines for OCSD #1 should be drawn in the Town.

Mr. Sweeney represented the Town of Monroe in forming the Town's municipal sewer districts in 1977. In doing so, Mr. Sweeney was privy to the Town Board's reasoning and policy determinations

as to which properties should be included within the town's district and which properties should be excluded.

Mr. Sweeney represented the Town in negotiating an Intermunicipal Agreement with Orange County in 1978, under which the Town obtained sewer capacity for its sewer district through the County's waste water treatment plant.  Although this Intermunicipal Agreement has been subject to amendments over time, it still governs the amount of sewer capacity available to the Town.

Mr. Sweeney represented and counseled the Town Board in establishing the Town's procedures and policies for providing sewer service to individual Town residents with property outside of the sewer district through outside user agreements.  In doing so, Mr. Sweeney essentially authored the Town's policy or, at least, gained confidential information as to the Town Board's reasoning and policy determinations as to the circumstances, terms and conditions upon which the Town grants outside user agreements.

From 1978 through 1988, Mr. Sweeney represented the Town in entering into numerous outside user agreements.  In the course of his representation of the Town he obtained specialized knowledge of on the facts and circumstances of each individual application and was privy to privileged and confidential information regarding the Town Board's decisions on whether or not to grant each such application.

In August of 2004, the Town Board determined that the Town's sewer districts were using nearly all of the sewer capacity allocated to the Town.  It adopted a policy under which the Town would not enter into any outside user agreements until additional sewer capacity was obtained.  Thereafter, the Town did not enter into any outside user agreements.

In October of 2004, plaintiff, Gryphon Development, LLC, ("Gryphon") approached the Town Board and requested to be permitted to enter into an outside user agreement with the Town for provision of sewer service to approximately five acres of vacant land located outside of the Town's sewer district.  Gryphon's request for an outside user agreement was denied by the Town Board under the recently adopted moratorium on outside user agreements.

In 2006, Orange County expanded its waste water treatment plant.  The County announced its intention to make sewer capacity in its plant available to certain municipalities, including the Town of Monroe, under its Intermunicipal Agreements.

In September of 2006, Gryphon submitted a petition to the Town asking that the Town's sewer district be enlarged to include its property.  The attorney representing Gryphon on its petition to enlarge the sewer district was the Town's former attorney, James G. Sweeney.

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

3

The Town Board held a public hearing on the petition in March of 2007. At the public hearing, Mr. Sweeney acknowledged his prior representation of the Town and recited the facts regarding his intimate knowledge of the Town's sewer system. Mr. Sweeney admitted that: (1) the Town did not presently have any sewer capacity available beyond the capacity needed to serve the needs of properties within the sewer district, (2) the Town had not yet entered into any agreement with the County for additional sewer capacity and (3) a lawsuit had been commenced against Orange County seeking a declaratory judgment and injunctive relief preventing the County from selling any additional sewer capacity to municipalities such as the Town of Monroe. Based upon the lack of sewer capacity, the Town Board denied Gryphon's petition, without prejudice to re-submittal when the Town obtained additional sewer capacity.

On May 9, 2008, Gryphon commenced this lawsuit against the Town seeking to recover money damages under 42 U.S.C. §1983 based upon the Town's refusal to enter into an outside user agreement with Gryphon and/or the Town's denial of Gryphon's petition to enlarge the Town's sewer district. Gryphon claims that the Town's refusal to enter into an outside user agreement with it or to expand the sewer district constituted a denial of Gryphon's Fourteenth Amendment right to equal protection. The

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

4

lawyer representing Gryphon in the lawsuit is the Town's former attorney, James G. Sweeney.

The Town has contacted Mr. Sweeney and formally objected that he has an ethical conflict of interests that disqualifies him from participating in this litigation. The Town feels that Mr. Sweeney's prior extensive representation of the Town in regard to its sewer districts may unfairly prejudice it in this case and renders Mr. Sweeney's representation of Gryphon inappropriate. Mr. Sweeney has refused to recuse himself.

## ARGUMENT

I.   THE CODE OF PROFESSIONAL RESPONSIBILITY GOVERNS MOTIONS TO DISQUALIFY COUNSEL.

Motions to disqualify an attorney from participating in a case before a United States District Court are addressed to the discretion of the Court and are decided in the exercise of its duty to supervise members of its bar. Hull v. Celanese Corp., 513 F.2d 568 (2d Cir. 1975). The applicable ethical rules are set forth in the New York State Lawyer's Code of Professional Responsibility as interpreted and applied by the federal courts. Cheng v. GAF Corp., 631 F.2d 1052 (2d Cir. 1980) vac. on other grnds 450 U.S.903, 101 S.Ct. 1338, 67 L.Ed. 327 (1981); NCK Organization, Ltd., v. Bregman, 542 F.2d 128 (1976); see Fund of

Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225 (2d Cir.

1977); Local Civil Rule 1.5(b)(5) (2008).

The provisions of the Code of Professional Responsibility[1]

that are implicated in this case are:

(1)   Ethical Canon 4 - "A Lawyer Should Preserve the
      Confidences and Secrets of a Client," as amplified by DR 4-
      101: "Preservation of Confidences and Secrets of a Client"
      and DR 5-108: "Conflict of Interest: Former Client;" and

(2)   Ethical Canon 9 - "A Lawyer Should Avoid Even the
      Appearance of Professional Impropriety," as amplified by DR
      9-101: "Avoiding Even the Appearance of Impropriety."

22 NYCRR §1200.19 - §1200.45 (2008).

II.   DISQUALIFICATION IS REQUIRED BECAUSE THE ISSUES IN THIS
      CASE ARE SUBSTANTIALLY RELATED TO THE SUBJECT MATTER OF
      THE PRIOR REPRESENTATION OF THE TOWN BY PLAINTIFF'S
      COUNSEL.

A lawyer's duty of absolute loyalty to his client's

interests does not end with his retainer.  T.C. Theatre Corp.,

Warner Bros. Pictures, 113 F.Supp. 265 (S.D.N.Y. 1953).

Pursuant to DR 5-108(1), a lawyer who has represented a client

in a matter is prohibited from thereafter representing another

person in the same or a substantially related matter in which

that person's interests are materially adverse to the interests

of the former client.  Accordingly, the well established rule in

the Second Circuit is that an attorney will be disqualified if

---

[1] The ethical canons are hortatory.  The disciplinary rules state the minimum
level of conduct below which no lawyer can fall without being subject to
disciplinary action.

he has accepted employment adverse to the interests of a former

client on a matter substantially related to the prior

litigation.  T.C. Theatre Corp., Warner Bros. Pictures, supra;

NCK Organization Ltd. v. Bregman, supra.

In evaluating motions to disqualify an attorney based upon

prior representation of an adversary party, courts within the

Second Circuit utilize the so-called "substantial relationship

test."  Glueck v. Jonathan Logan, Inc., 512 F.Supp. 223

(S.D.N.Y. 1981) mod. on other grnds 653 F.2d 746 (2d Cir. 1981).

Under this test, disqualification is mandated if:

(1)    the moving party is a former client of the adverse party's
       counsel;

(2)    there is a substantial relationship between the subject
       matter of the counsel's prior representation of the moving
       party and the issues in the present lawsuit; and

(3)    the attorney whose disqualification is sought had access
       to, or was likely to have access to, relevant privileged
       information in the course of his prior representation of
       the client.

NCK Organization Ltd. v. Bregman, supra; Evans v. Artek Sys.

Corp, 715 F.2d 788 (2d Cir. 1983).  If there is any doubt

whatsoever as to whether a conflict of interests exists, it is

to be resolved in favor of disqualification.  Hull v. Celanese

Corp., supra.

(A)   *There was an attorney-client relationship between
plaintiff's counsel and the Town.*

Mr. Sweeney was the Town Attorney for the Town of Monroe from January of 1968 through July of 1988.  In his capacity as Town Attorney, he represented the Town Board in forming the Town's municipal sewer districts, in negotiating an Intermunicipal Agreement with Orange County under which the Town obtained sewer capacity for its sewer district and in administering the Town's sewer districts.  There is no doubt that the requisite attorney-client relationship between Mr. Sweeney and the Town existed.

(B)   *The subject matter of the prior representation of the Town by
plaintiff's counsel is substantially related to the issues in
the present lawsuit.*

Gryphon's complaint is predicated exclusively upon a claim under 42 U.S.C. §1983 for alleged denial of equal protection under the so-called "class of one" doctrine as articulated by the United States Supreme Court in *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). There are three elements to a "class of one" claim for denial of equal protection under *Olech*:

   (1)   The existence of other individuals who are *prima facie*
         identical to the plaintiff in all relevant respects;

   (2)   The defendant intentionally treated the plaintiff
         differently from the comparators; and

   (3)   There was no rational basis for the difference in
         treatment.

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

8

See Cobb v. Pozzi, 363 F.3d 89 (2d Cir. 2004); Clubside, Inc., v. Valentin, 468 F.3d 144 (2d Cir. 2006); Engquist v. Oregon Dept. of Agriculture, 553 U.S. ___, 128 S.Ct. 2146, ___ L.Ed.2d ___ (2008).

In regard to the first element of an Olech claim (i.e., the existence of near identical comparators), Gryphon's complaint cites to individuals who applied for outside user agreements and/or extensions of the Town's sewer district between "September 1978 and August 2004." In representing plaintiff in this suit, Mr. Sweeney will be advocating the position that these comparators are identical to Gryphon in all relevant respects. Mr. Sweeney represented the Town on the applications by these same comparators through 1988.

In regard to the second element of an Olech claim (i.e., intentional "different" treatment of the plaintiff) Gryphon's claim has two prongs. First, Gryphon alleges that the Town of Monroe had an established policy or practice under which it invariably granted outside user agreements and/or petitions to enlarge its sewer districts. Second, Gryphon alleges that it met all of the criteria under the Town's alleged policy or practice, including the necessity of a finding that the property was left out of the original boundaries of the sewer district by "inadvertence."

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

9

Mr. Sweeney represented the Town in determining the procedure, terms and conditions under which it would consider and decide applications for outside user agreements.  The Town denies the existence of a policy or practice as alleged by Gryphon, and contends that Gryphon's allegations regarding outside user agreements are contrary to the advice and counsel that Mr. Sweeney had provided to the Town on the subject.  In representing Gryphon in this suit against the Town, Mr. Sweeney will be contesting the nature and extent of the very policies and practices that he represented the Town in formulating regarding outside users.

Equally important, Mr. Sweeney represented the Town Board in forming the Town's municipal sewer districts and determining where to draw the district boundary lines.  In representing Gryphon in this lawsuit against the Town, Mr. Sweeney will be advocating a finding that the Town erred or otherwise acted improperly in drawing the district lines in the formation of the town's sewer district and, as a result, Gryphon's property was inadvertently omitted from the district.

In regard to the third element of an Olech claim (i.e., no rational basis for the "different" treatment of the plaintiff), Gryphon alleges that the Town had sufficient sewage capacity to service Gryphon's property under the terms and provision of the

Intermunicipal Agreement with the County.  Mr. Sweeney represented the Town in negotiating the Intermunicipal Agreement at issue.

On these facts, it seems clear that the issues being litigated on Gryphon's claims in this case are substantially related to the subject matter of Mr. Sweeney's prior representation of the Town.

(C)   *Plaintiff's counsel had access to, or was likely to have access to, relevant privileged information in the course of his prior representation of the Town.*

Once a substantial relationship is established, the court need not inquire whether the attorney actually received confidential information, because the receipt of such information will be presumed.  NCK Organization, Ltd., v. Bregman, supra; Emle Industries, Inc. v. Patentex, 478 F.2d 562 (2d Cir. 1973).  This is because lawyers should not put themselves in a position where, even unconsciously, they might take, in the interests of a new client, an advantage derived or traceable to confidences reposed under the cloak of a prior, privileged relationship.  T.C. Theatre Corp., v. Warner Bros. Pictures, supra; Emele Industries, Inc., v. Patentex, Inc., 478 F.2d at 571.

Here, this element of the "substantially related" test is satisfied because the issues being litigated on Gryphon's claims are substantially related to the subject matter of Mr. Sweeney's prior representation of the Town.  But even without the

presumption, as is more fully stated in Part III below, it seems obvious that Sweeney, as the Town Attorney, had access to potentially relevant, confidential information. Accordingly, an order should issue disqualifying Mr. Sweeney from representing the plaintiff in this litigation. See Walden Federal Savings Bank v. Village of Walden, 212 A.D.2d 718, 622 N.Y.S.2d 796 (2d Dept. 1995) [former village attorney disqualified from representing private client in suit against village where litigation involved application of code provision drafted by attorney].

III. DISQUALIFICATION OF PLAINTIFF'S COUNSEL IS REQUIRED TO PREVENT DISCLOSURE OF CLIENT CONFIDENCES AND SECRETS.

Regardless of whether or not an attorney's prior representation of a client is "substantially related" to his present representation of an adversary party, DR 5-108(a)(2) prohibits an attorney from using any "confidences or secrets" of the former client. The term "confidences" refers to information protected by the attorney-client privilege, whereas the term "secret" refers to other information gained in the course of the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client. See Cheng v. GAF Corp., supra. Thus, an attorney's ethical obligations under

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

12

DR 5-108(A)(2) to guard "secrets" of his client is broader than mere attorney-client privilege, and extends to any non-privileged sensitive information gained in the professional relationship.  See Code of Professional Responsibility, EC 4-4 (2008); Greene v. Greene, 47 N.Y.2d 447, 453, 391 N.E.2d 1355, 418 N.Y.S.2d 379, 382 (1979); Carimati v. Carimati, 94 A.D.2d 659, 462 N.Y.S.2d 220 (1st Dept. 1983).

(A) Plaintiff's counsel was privy to confidences and secrets regarding the outside user agreements of alleged comparators, as well as the Town's practice and procedure on outside user agreements in general.

A municipality is under no obligation to furnish municipal sewer service to particular property.  Charles v. Diamond, 41 N.Y.2d 318, 360 N.E.2d 1295, 392 N.Y.S.2d 594 (1977). A town may, in its discretion, establish a municipal sewer district or sewer districts serving only a portion or portions of the town.  See Town Law Article 12 & 12-A (McKinney 2008). If a town establishes a municipal sewer district, properties located outside the district's boundaries have no right to access to the municipal sewer system.  In re Caiola v. Town of Ossining, 272 A.D.2d 324, 707 N.Y.S.2d 200 (2d Dept. 2000).

A Town Board may, in its discretion, enter into contracts (i.e., "outside user agreements") to provide central sewer service to properties outside of the boundaries of a municipal

sewer district. Id; see In re Miller v. Kozakiewicz, 300 A.D.2d 399, 751 N.Y.S.2d 524 (2d Dept. 2002). However, the decision on whether to enter or decline an outside user agreement is a purely proprietary matter, and is committed to the discretion of the Town Board. In re Caiola v. Town of Ossining, supra.

Gryphon's complaint alleges that the Town of Monroe had an established policy or practice under which requests for outside user agreements were invariably granted if the applicant met specific criteria. If the Town had such an established policy or practice on outside user agreements (which the Town denies), Mr. Sweeney was the attorney who developed it for the Town or, at least, represented the Town Board in adopting it. As such, Mr. Sweeney is or may be in possession of privileged information regarding the Town's alleged policy (i.e., "confidences") and, at a bare minimum, he is certainly in possession of information that he gained in the course of his representation of the Town which is likely to be detrimental to the Town in this suit (i.e., "secrets").

Further, Gryphon's complaint alleges that one of the criteria in the Town's alleged policy or practice on outside user agreements was whether the property was left out of the original boundaries of the sewer district by inadvertence. It goes on to assert that the Town Board inadvertently omitted

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

14

Gryphon's land from the district when it drew the district's boundaries in 1977. Mr. Sweeney represented the Town Board in forming the sewer district, and he was privy to confidential deliberations and reasoning of Town Board in drawing the district lines. In doing so, he may have come into possession of confidences and, unquestionably, through his representation of the Town he obtained sensitive information pertaining to Gryphon's claim that its land was inadvertently omitted from the Town's sewer district (i.e., "client secrets").

Additionally, Gryphon's equal protection claim is based, in part, on the assertion that the Town intentionally treated Gryphon "differently" from other individuals requesting outside user agreements, including individuals who sought such agreements "from 1978 through 2004." Mr. Sweeney represented the Town Board in regard to outside user agreements up to the time of his resignation in 1988. He was privy to confidential deliberations and reasoning of Town Board regarding whether or not enter such agreements. Through his representation of the Town he obtained sensitive information pertaining to Gryphon's claim that the Town treated other property owners "differently."

### (B)  Plaintiff's counsel was privy to confidences and secrets regarding the proposed expansion of the sewer district.

A property owner whose land is located outside the boundaries of an existing municipal sewer district may petition a Town Board to enlarge the district to encompass his property. Town Law Article 12 (McKinney 2008).  In evaluating a petition to enlarge a sewer district a Town Board must weigh and balance a number of different criteria, including whether "the proposed establishment or extension of the district is in the public interest."  Town Law §194(1) (McKinney 2008).  If the Town Board finds that all of the criteria have been satisfied it may, in its discretion, adopt an order expanding the district.  Town Law §194 (McKinney 2008).

The Town Law does not provide a specific definition of the term "in the public interest" as used in Town Law §194(a). Indeed, since Town Law Article 12 applies to many different types of improvement district - ranging from sewer districts to ambulance districts to fallout shelter districts - the considerations which go into determining whether a proposed action is "in the public interest" necessarily vary depending on the nature of the improvement district at issue.  However, as a general rule, a determination as to whether a proposed action is "in the public interest" is made by weighing and balancing its

relative benefits and detriments to the public.  See <u>Common</u>
<u>Council of City of Middletown v. Town Bd. of Town of Wallkill</u>,
143 A.D.2d 215, 532 N.Y.S.2d 17 (2d Dept. 1988); See <u>Board of</u>
<u>Trustees of the Village of Spring Valley v. Town of Clarkstown</u>,
292 A.D.2d 450, 738 N.Y.S.2d 699 (2d Dept. 2002); <u>Board of</u>
<u>Trustees of the Village of Spring Valley v. Town of Ramapo</u>, 264
A.D.2d 519, 694 N.Y.S.2d 712 (2d Dept. 1999).

In our case, the Town denied Gryphon's petition to enlarge
the Town's sewer district based upon a finding that the proposed
expansion would not be "in the public interest."  Among other
things, the Town Board found that there is presently a lack of
sewer capacity and the availability of more capacity from the
County is uncertain due to the lack of a contract for the sale
of more capacity and the pending litigation brought by the
Village of Kiryas Joel against the County.

Gryphon's complaint alleges that under the Intermunicipal
Agreement with the County, the Town of Monroe is entitled to
additional sewer capacity and, in fact, there were no grounds
upon which the Town Board could find that adding its property to
the sewer district would not be "in the public interest."
Gryphon contends that its property was always intended to be in
the sewer district, and was omitted only by inadvertence.

Mr. Sweeney represented the Town in negotiating the Intermunicipal Agreement which determines the amount of capacity available to the Town.  Mr. Sweeney represented the Town in forming the sewer district when Gryphon's property was omitted from it.  In light of Gryphon's allegations, and the wide scope of considerations embraced by the "public interest" standard, it seems clear that Mr. Sweeney obtained or may have obtained sensitive information (i.e., "secrets") through his prior representation of the Town.

IV.   DISQUALIFICATION OF PLAINTIFF'S COUNSEL IS REQUIRED BECAUSE PARTICIPATION BY A FORMER TOWN ATTORNEY IN LITIGATION WHICH IS SUBSTANTIALLY RELATED TO THE ATTORNEY'S PRIOR REPRESENTATION OF THE TOWN PRESENTS AN IMPERMISSIBLE APPEARANCE OF IMPROPRIETY.

Ethical Canon 9 and DR 9-101 require a lawyer to "avoid not only professional impropriety but also the appearance of impropriety."  Thus, the Code of Professional Responsibility recognizes that circumstances may exist wherein disqualification of counsel is appropriate in order to preserve the public trust in the judicial system and the bar, even though there is no actual likelihood of disclosure of client confidences or secrets.  See Cheng v. GAF Corp., supra.; Cardinale v. Golinello, 43 N.Y.2d 288, 372 N.E.2d 26, 401 N.Y.S.2d 191 (1977); General Motors Corp. v. City of New York, 501 F.2d 639,

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

18

649 (2d Cir., 1974); <u>Emile Industries, Inc., v. Pantentex, Inc.</u>,
478 F.2d at 571.

One instance wherein disqualification may be required to
avoid the appearance of impropriety involves attorneys who
formerly represented government entities who later seek to
represent private clients in litigation against their former
government clients.  In this regard, DR 9-101(b) provides:

> (1)  Except as law may otherwise expressly
> permit:
>
> (b)A lawyer shall not accept private
> employment in a matter in which the lawyer
> participated personally and substantially as
> a public officer or employee, and no lawyer
> in a firm with which that lawyer is
> associated may knowingly undertake or
> continue representation in such a matter
> unless:
>
> (i) the disqualified lawyer is effectively
> screened from any participation, direct or
> indirect, including discussion, in the
> matter and is apportioned no part of the fee
> therefrom; and
>
> (ii) there are no other circumstances in the
> particular representation that create an
> appearance of impropriety.

22 N.Y.C.R.R. §1200.45 (2008).

DR 9-101(b) requires disqualification of a former
government attorney based upon public policy considerations
rather than possible disclosure of privileged or confidential
information.  It recognizes that an attorney's representation of

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

19

a private client on a matter related to the attorney's prior representation of a government entity presents the *appearance* that the attorney has "switched sides" to use "insider information" against the government entity.  This appearance of impropriety undermines the public confidence in both local government and the justice system.  It chills the ability of governmental officials to freely communicate with and confide in their attorneys and may even promote withholding sensitive information from counsel.

In the case of Walden Federal Savings Bank v. Village of Walden, *supra*, the former Village Attorney for the Village of Walden brought a lawsuit on behalf of a landowner against the Village seeking to annul certain conditions imposed upon a grant of site plan approval by the Village planning board and an award of money damages under 42 U.S.C. §1983.  The plaintiff alleged that the Planning Board's application of a particular section of the Village Code to the plaintiff's property was illegal, arbitrary and capricious.  The Village brought on a motion to disqualify the plaintiff's attorney from participating in the litigation on the grounds that he had drafted the code section at issue and had represented the Village in applying it in processing prior land use applications.  The lower court granted

the Village's motion to disqualify plaintiff's counsel and the

Appellate Division, Second Department affirmed, stating:

> The court properly granted respondents'
> motion on the basis of conflict of interest,
> finding that JG's former and current
> representations were both substantially
> related, as well as adverse [citations
> omitted].  The court's ruling is further
> supported by its finding that when, as here,
> it is reasonable to infer that JG gained
> some confidential information during its
> former representation of the respondents
> which is of value to its present client,
> disqualification is justified on the basis
> of the mere appearance of impropriety.

212 A.D.2d at 719, 622 N.Y.S.2d at 797.

Although Walden Federal Savings Bank v. Village of Walden,

supra, is a state court case, it is right on point with our

facts and certainly constitutes persuasive authority.  As in the

Walden Federal case, Mr. Sweeney's representation of the

plaintiff in this case is substantially related to his prior

representation of the Town.  Accordingly, as in the Walden

Federal case, Mr. Sweeney should be disqualified from

participating in this litigation.

### CONCLUSION

The Court should grant the defendant's motion in all

respects along with such other and further relief as seems just

and appropriate.

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

21

Dated:    New Windsor, New York
          August 14, 2008


                    Respectfully submitted,

                    DRAKE, LOEB, HELLER, KENNEDY,
                    GOGERTY, GABA & RODD, PLLC

          By:    _____
                    STEPHEN J. GABA (SG-3160)
                    *Attorneys for Defendant,*
                    *TOWN OF MONROE,*
                    555 Hudson Valley Avenue,
                    Suite 100
                    New Windsor, New York 12553
                    Tel. No.:  (845) 561-0550

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
555 HUDSON VALLEY AVENUE, SUITE 100, NEW WINDSOR, NEW YORK 12553
PHONE: 845-561-0550

22