UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

**GRYPHON DEVELOPMENT LLC,**

                              Plaintiff,

            - against -

**TOWN OF MONROE,**

                              Defendant.

_____X

**SUPPLEMENTAL AFFIDAVIT
OF JAMES G. SWEENEY
IN OPPOSITION TO
MOTION TO DISQUALIFY**

**08 CV 3252 (WCC)**

ECF CASE

State of New York
County of Orange:

      1. James G. Sweeney being duly sworn deposes and says that I am the attorney representing the above named Plaintiff ("Gryphon") in this matter. I make this supplemental affidavit in opposition to the Town's motion to disqualify me as Gryphon's attorney. The purpose of this affidavit is to further detail the formative process for Sewer District No. 8 in the year 1977.

      2. The source of my knowledge of the facts recited herein is direct and personal. I was a participant in these events. I have also reviewed the Town Clerk's minutes of the various months spoken about below in order to refresh my memory of these events.

      3. As noted in my main affidavit the formation of the District was debated in public by the Town Board during the spring and summer of 1977 at the instance of Clark Engineering of Rochester NY who was attempting to get the several municipalities in the Moodna Creek drainage basin in southern Orange County to band together and take

1

advantage of a very generous offer by the federal government of 100% funding for the use of innovative sewer treatment technology and to utilize the recently completed treatment facilities of Orange County on a contract basis to do so.

4. Representatives of Clark Engineering, primarily Philip Clark P.E., had put together plans and specifications for such a proposal in the spring of 1977 and advanced them to the Town Board for its consideration.

5. The Town Board, led by its Supervisor William C. Rogers (serving in his last of eight terms as Supervisor), was quite interested in the proposal as being protective of the waters of Walton Lake which served as a reservoir for the Village of Chester about ten miles to the northwest of the Lake. He strongly advocated the formation of the District among the rest of the Town Board members.

6. In the spring of 1977 the Town Board determined to form the District, if at all, by way of NY TL Art. 12A allowing it to establish the District on its own motion subject, however, to a referendum of the property owners in the proposed district rather than to solicit a petition of those property owners in the first instance.

7. In the late spring of 1977 Philip Clark presented engineering data, cost estimates and four possible scenarios for the proposed district boundaries. The Town Board, in open public session, expressed its preference for one - the one that ultimately prevailed.

8. On June 22, 1977 Clark Engineers presented a formal implementation report to the Town Board embodying final engineering plans and specifications and the proposed district boundaries described by reference to the Town of Monroe tax map. That report was received and filed in the Town Clerk's Office.

2

9. On July 11, 1977 the Town Board adopted an Order calling for a public hearing on the formation of the District as required by NY TL §209-d to be held on August 1, 1977. That Order was posted and published as required by law. The Order contained a statement that the June 22, 1977 implementation report showing the proposed district boundaries was on file at the Town Clerk's Office and could be inspected by the public.

10. The Town Board held the public hearing on August 1, 1977. At that public hearing Philip Clark showed the public in attendance (and it is my memory that this public hearing was well attended) the four scenarios that had been considered by the Town Board regarding proposed district boundaries and explained the reasons for selecting the scenario that would ultimately be adopted.

11. At the conclusion of that public hearing, at its regular meeting of August 1, 1977, the Town Board adopted a resolution formally submitting the formation of the District to a mandatory public referendum of the property owners in the proposed district to be held on August 17, 1977.

12. The referendum was in fact held on August 17, 1977 and the proposition submitted to the voters, the formation of the District, passed.

13. On September 12, 1977 the Board adopted an Order actually forming the District. A copy of that original Order secured by me from the Town Clerk's records is annexed hereto.[1]

---

[1]The Order is labeled "conditional" as the permission of the NY Comptroller was still required pursuant to NY TL §209-f and the time for someone to judicially challenge the Order pursuant to NY TL §209-g had not yet elapsed. There was no such challenge and the formation of the District became firm thirty days after the recordation of this Order in the

14. As pointed out in my main affidavit the only hard evidence and proof that I somehow gained or gave confidential information with regard to the formation of the District is by way of the affidavit of Donald F. Weeks .

15. Mr. Weeks' affidavit, which was obviously drafted by the Town's attorneys, is constructed as if he were a participant in these formative events. Indeed, he states in ¶1 that "I have been a member of the Monroe Town Board continuously since 1977". As a result, he asks this Court to believe that he had special knowledge of my involvement with the Town Board during the formation process for the District in the spring and summer of 1977.

16. *Mr. Weeks was not a member of the Monroe Town Board in 1977.*

17. Mr. Weeks was elected to the Town Board at the general election in November 1977 and began his long time service on the Board on January 1, 1978.[2]

18. The copy of the Town Board's Order dated September 12, 1977 establishing the District annexed hereto reflects that truth. It does not show Mr. Weeks' name or signature.

19. Mr. Weeks was not a participant in the reasoning behind the formation of the District, the maps and plans put together by Clark Engineering, or the deliberative process that led to the actual formation of the District during the spring and summer of 1977. He had nothing to do with the deliberative reasons behind the formation of the District. He had nothing to do with its formation.

---

County Clerk's office.

[2]A copy of the Town Clerk's minutes of January 9, 1978 are annexed hereto and, on page 190, show the statement of new Supervisor DeAngelis introducing Mr. Weeks as a councilman who had been elected in November (1977).

4

20. As such the entirety of his affidavit is called into question and his factual averments therein about what happened in 1977 are simply not true.

21. This truth deprives the Town of any proof whatsoever with regard to its charges that I somehow, outside of the public arena, gave or received information that could be considered confidential from the Town Board during the formation process for the District, e.g. the reasons why the Gryphon property was left out of the District to begin with and the origins of and policy considerations behind the outside user contracts.

22. As can be seen from the facts recited above that process was completely open to the public and was never the subject of some kind of behind the scenes "executive session".

23. I have already sworn to the truth that I have absolutely no knowledge of any outside user contract with respect to this District but only as to Sewer District No. 9 formed a year or so later around Mombasha Lake. I do not believe that during my tenure that there was a single outside user contract entered into for this District.

24. This seriously erroneous - and sworn to - information only compounds the outrageous nature of this motion warranting a swift denial by this Court.

James G. Sweeney

Sworn to before me this
29th day of August, 2008

Notary Public, State of New York
ARLENE ANDERSON
Notary Public, State of New York
No. 01AN5038939
Qualified in Orange County 2011
Commission Expires February 6, 19

5

At a regular meeting of
the Town Board of the
Town of Monroe, Orange
County, New York, held
at Town Hall, 15 Lake
Street, Monroe, New
York on the  12th day
of September, 1977

ENT:

    William C. Rogers, Supervisor
    Kenneth V. Fowler, Councilman
    John DeAngelis, Councilman
    Donald Gaunt, Councilman
    Bert W. Corneby, Councilman

-------------------------------------------x

        In the Matter

           of

ablishing a new Sewer District in the
ton Lake area of the Town of Monroe to
known as Sewer District #8 (Moodna Basin)
suant to Article 12A of the Town Law.

-------------------------------------------x

*Conditional*

⋀ FINAL ORDER
  ESTABLISHING
  SEWER DISTRICT
  #8

    WHEREAS, the Town Board did, by order adopted on
ly 11, 1977 and duly posted and published, call for a public
aring on the formation of the aforementioned sewer district,
nd

    WHEREAS, the Town Board did hold said public hearing
n August 1st, 1977 and received thereat comments in favor of and
pposed to the formation of said sewer district, and

    WHEREAS, the Town Board did, by Resolution adopted
ugust 1st, 1977, establish the subject sewer district subject to
a manditory referendum to be held pursuant to Sections 209-e and
94 of the Town Law, and

WHEREAS, after holding a vote upon a proposition submitted to the District electors, the proposition was approved by a majority thereof voting on the proposition, and

WHEREAS, the Town Board must now finally act upon said proposal,

NOW THEREFORE, on motion of Councilman seconded by Councilman,                    it is

ORDERED:

1.  That the proposition as submitted to the electors of the subject Sewer District is hereby declared approved.

2.  That Sewer District #8 be and hereby is finally approved and established and shall incorporate the lands set forth in Schedule "A" annexed hereto.

WILLIAM C. ROGERS

KENNETH V. FOWLER

JOHN DeANGELIS

DONALD GAUNT

BERT W. CORNEBY

08-25- Case 7:08-cv-03262-WCC Document 26-7 834B5 Filed 09/02/2008 T-012 Page 8 of 8 F-016

190

January 9th 1978

The reorganization meeting of the Town Board was held in the Town Hall, 15 Lake Street at 8 P.M. on Monday January 9, 1978. Messers: DeAngelis, Gaunt, Corneby, Weeks were present with Assessor Smith also acting as Clerk, Supt. of Highways Smith,&Building Inspector Barone.

The meeting was opened by the Supervisor at 8P.M. with the Pledge of Allegiance.

Supervisor DeAngelis reported receipt of monthly reports from the following: The Town Clerks accompained by a check for $1331.28., from the Building Inspector together with a check for $419.00. and reports from the two Town Justices. No funds were spent from the Town's Social Services Revolving Fund for the month of December.

Acting Clerk Smith read the letter of resignation of Mr. DeAngelis as follows:

TO: TOWN CLERK
    Town of Monroe
    15 Lake Street
    Monroe, New York 10950

Effective immediately, I hereby resign from the office of Councilman in the Town of Monroe. This action is necessary because of assuming the position and duties as the Supervisor of the Town of Monroe.

It has been a distinct honor to have served the Town in this position.

My sincere best wishes to my successor.

Sincerely,

John C. DeAngelis

Supervisor DeAngelis welcomed the assemblage and paid homage to William C. Rogers, citing his sixteen years of dedicated service to the Town of Monroe as Supervisor. He introduced Donald F. Weeks as the new Councilman elected in November. He stated that he had no intention of changing the format of the Town Board meetings, saying that all interested would be heard by the Board.

Upon motion by Councilman Gaunt, seconded by Councilman Corneby, there will be an executive session at the close of the regular meeting to discuss negotiations with the Labor Board. Carried and so ordered.

Supervisor DeAngelis announced the period for paying the January 1978 Tax bills without penalty has been extended to February 6th. This extension will be duly published.

Jerry McDonald, representing the Moodna Basin Sewer District, came before the Board to present an up-date on the progress of the project. He presented a sketch showing the areas in which the people in the district and the Town Board have approved and which are now awaiting State and Federal approval for funding.